UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VNC INC., D/B/A AMERICA BEST VALUE INN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-03124 |
| NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON, | § § § | |
| Defendants. | § § § | |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Northfield Insurance Company ("Northfield") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## SUMMARY OF NOTICE

1.     This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by Northfield for storm damage purportedly sustained by Plaintiff's Addison, Texas property during a weather event allegedly occurring on March 23, 2016. By way of its petition, Plaintiff – a Texas corporation – asserts several common law and statutory causes of action against Northfield – a foreign insurance company organized under the laws of Iowa, with its principal place of business in Connecticut.

2.     In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's petition also asserts statutory causes of action against an in-state insurance adjuster – Anthony Carreon ("Carreon") – for purported violations of the Texas Insurance Code and Texas' Deceptive Trade Practices Act. But, as set forth below, Carreon has been improperly joined as defendant in

this lawsuit, because the vague and conclusory allegations in Plaintiff's petition fail to provide a viable basis for recovery against Carreon. Accordingly, this Court may disregard Carreon's citizenship in determining its jurisdiction over this matter under 28 U.S.C. § 1332(a).

3.      Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Northfield (the only properly joined defendant in this lawsuit), removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## FACTUAL BACKGROUND

4.      Plaintiff VNC Inc. d/b/a America Best Value Inn ("Plaintiff") commenced this lawsuit on August 31, 2017 by filing Plaintiff's Original Petition and Request for Disclosure ("Original Petition") in the 68th Judicial District Court of Dallas County, Texas – Cause No. DC-17-11308.  Plaintiff's Original Petition was not served on Northfield.

5.      Approximately four weeks later, on October 3, 2017, Plaintiff filed its First Amended Original Petition and Request for Disclosure ("Amended Petition") in the 68th Judicial District Court of Dallas County, Texas.

6.      Northfield was served with Plaintiff's Amended Petition on October 12, 2017 and, therefore, files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

7.      Because Northfield contends Carreon was improperly joined as a defendant in this action, Carreon need not consent to removal.[1] However, to the extent necessary, Carreon consents to removal as the undersigned counsel represents Carreon in this lawsuit.

---

[1]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

### III.
### BASIS FOR REMOVAL

8.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

9.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Northfield.**

10.     Plaintiff Richard VNC Inc. d/b/a America Best Value Inn is a domestic corporation organized under the laws of the State of Texas with its principal place of business in Texas. Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

11.     Defendant Northfield Insurance Company is a foreign insurance company incorporated under the laws of Iowa, with its principal place of business in Connecticut. Defendant is thus a citizen of Iowa and Connecticut for purposes of diversity jurisdiction.

12.     Defendant Carreon is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Carreon's citizenship, because Plaintiff has improperly joined Carreon as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Carreon in this matter.

13.     Complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit, because Plaintiff is a citizen of Texas and Northfield (the only properly joined defendant in this action) is a citizen of Iowa and Connecticut.

*(1)* ***Plaintiff Improperly Joined Carreon as a Defendant to Defeat This Court's Diversity Jurisdiction.***

14.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[2] Under this second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[3]

15.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[4] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[5] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly* [, 550 U.S. 544, 547 (2007)]."[6]

16.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[7] "Factual allegations must be

---

[2]     *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)) (emphasis in original).

[3]     *Id.* (quoting *Smallwood,* 385 F.3d at 573.

[4]     *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[5]     *Id.*

[6]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[7]     *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

---

enough to raise a right to relief above the speculative level."[8] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[9] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[10] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[11] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[12]

> **(a)** *The sparse and conclusory allegations in Plaintiff's Amended Petition fail to establish a reasonable possibility of recovery against Carreon.*

17.     Under this standard, it is clear Plaintiff's Amended Petition fails to establish a reasonable possibility of recovery against Carreon. Indeed, rather than alleging specific facts against Carreon which (if established) would lead to individual liability, Plaintiff has articulated only non-specific and conclusory allegations against Carreon, together with near-verbatim quotations of statutory provisions that Plaintiff contends Carreon violated.[13] These "naked

---

[8]  *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[9]  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[10]  *Ashcroft*, 556 U.S. at 678 (2009).

[11]  *See Twombly*, 550 U.S. at 565.

[12]  *See id.*

[13]  *See, e.g.*, Plaintiff's Amended Petition at ¶¶433.a -33.f and 37.a-37.f.

---

assertions devoid of further factual enhancement" fall fatally short of stablishing a viable cause of action against Carreon under Texas law.[14]

> ### (b)    *Carreon cannot be held liable for alleged violations of Texas Insurance Code § 541.060 under the facts alleged in Plaintiff's Amended Petition.*

18.    In addition to being hopelessly vague, Plaintiff's allegations against Carreon fail for yet another reason: The courts of this District have repeatedly held that insurance adjusters – like Carreon – cannot be held liable on the claims asserted in Plaintiff's Amended Petition. Plaintiff's Amended Petition alleges, for example, that Carreon committed the following violations of Section 541 of the Texas Insurance Code:

- Section 541.060(a)(1) – misrepresenting material facts relating to the coverage at issue;[15]

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;[16] and

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[17]

---

[14]    *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999); *Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co*., 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

[15]    *See* Plaintiff's Amended Petition at ¶33.a.

[16]    *See* Plaintiff's Amended Petition at ¶33.b.

[17]    *See* Plaintiff's Amended Petition at ¶33.c.

However, the courts of this District have found each of these allegations insufficient to support an independent cause of action against insurance adjusters like Carreon.

19.     Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[18] "But for [such an individual] to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[19]

20.     This is true of Plaintiff's contention that Carreon misrepresented material facts relating to the coverage at issue in violation of Section 541.060(a)(1) of the Texas Insurance Code.[20]   This conclusory claim – which merely recites the statutory language of Section 541.060(a)(1) – ostensibly relates to Plaintiff's allegation that Northfield and Carreon "advised Plaintiff . . .  that a portion of the claim was not covered by the relevant Northfield policy."[21] However, as this Court has held on numerous occasions, representations of this type do not relate to the coverage at issue and, therefore, do not fall within the scope of Section 541.060(a)(1).[22] To state a claim under Section 541.060(a)(1), "[t]he misrepresentation must be about the details of a

---

[18]   *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[19]   *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[20]   *See* Plaintiff's Amended Petition at ¶33.a.

[21]   *Id.* at ¶13.

[22]   *See, e.g., Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Messersmith*, 10 F.Supp.3d at 724.

policy, not the facts giving rise to a claim for coverage."[23] Plaintiff's Amended Petition thus fails

to state a claim against Carreon under Section 541.060(a)(1).

21.     Plaintiff fares no better with its contention that Carreon violated Section

541.060(a)(2)(A) of the Texas Insurance Code by "failing to attempt in good faith to effectuate a

prompt, fair, and equitable settlement of the claim, even though liability under the Policy [was]

reasonably clear"[24] – a section of the Texas Insurance Code under which the courts of this District

have held that individual insurance adjusters like Carreon cannot be held liable.[25] Plaintiff's

Amended Petition thus fails to state a claim against Carreon for purported violations of Section

541.060(a)(2)(A).

22.     Plaintiff is also prohibited from recovering against Carreon under Texas Insurance

Code § 541.060(a)(7), which provides for potential liability against an insurer who "refus[es] to

pay a claim without conducting a reasonable investigation with respect to that claim." [26] As the

courts of the Northern District have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets
> is an insurer's refusal to pay under certain circumstances. Those who
> can be held liable are the insurance company or the individual at the
> insurance company who refuses to pay the claim, not the individual
> responsible for conducting the investigation.[27]

---

[23]   *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).

[24]   *See* Plaintiff's Amended Petition at ¶33.b.

[25]   *See Messersmith*, 10 F.Supp.3d at 724; *Meritt Buffalo Events Ctr.,* 2016 WL 931217 at *4; *Mainali Corp.*, 2015 WL 5098047 at *4; *Mercury Multifamily Mgmt., LLC v. Peleus Ins. Co.*, No. 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (Fitzwater, J.).

[26]   Tex. Ins. Code § 541.060(a)(7).

[27]   *Mainali Corp.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted); *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3 (same); *Meritt Buffalo Events Ctr.,* 2016 WL 931217 at *4 (same).

Plaintiff's Amended Petition thus falls short of establishing a possibility of recovery against Carreon under Section 541.060(a)(7) of the Texas Insurance Code.

> *(c)*     ***Carreon cannot be held liable for alleged violations of Texas Insurance Code § 541.061 under the facts alleged in Plaintiff's Amended Petition.***

23.     Plaintiff's claims against Carreon under Texas Insurance Code §§ 541.061(1)-(3) likewise fail. With respect to these statutory provisions, each of which concerns the misrepresentation of an insurance policy, Plaintiff's Amended Petition makes the following boilerplate allegations:

> Carreon engaged in unfair claims settlement practices prohibited by . . . Section 541.061(1) of the Texas Insurance Code, by misrepresenting an insurance policy by making an untrue statement of material fact . . . ;[28]

> Carreon engaged in unfair claims settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[29] and

> Carreon engaged in unfair settlement practices prohibited by Section 17.50(A)(4) of the DTPA and defined in Section 541.061(3) of the Texas Insurance Code, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. [30]

But, as the courts of this District have concluded, these exact allegations – all of which are mere recitations of statutory language – are too conclusory to provide the Court with a reasonable basis to predict that Plaintiff can recover against Carreon under Sections 541.061(1)-(3).[31] In short,

---

[28]   Plaintiff's Amended Petition at ¶33.d.

[29]   Plaintiff's Amended Petition at ¶33.e.

[30]   Plaintiff's Amended Petition at ¶33.f.

[31]   *See Meritt Buffalo Events Ctr.,* 2016 WL 931217 at *5 (holding that virtually identical allegations were too conclusory to provide the Court with a reasonable basis to predict that plaintiff could recover against individual

---

Plaintiff's allegations set forth only a theoretical possibility that Carreon could be held liable under these sections and, therefore, fail to state a claim under Section 541.061(1)-(3).[32]

    ***(d)    Plaintiff's Amended Petition fails to assert a viable claim against Carreon for alleged violations of the DTPA.***

24.    Finally, Plaintiff's Amended Petition includes no allegations sufficient to support its causes of action under the Texas' Deceptive Trade Practices Act ("DTPA"). Plaintiff's sole justification as to its DTPA causes of action against Carreon under Section 17.50(a)(4) of the DTPA is that Carreon's alleged violations of the Texas Insurance Code are also actionable under the DTPA.[33] Because Carreon cannot be held liable under any of the asserted provisions of the Texas Insurance Code, no plausible claim arises against Carreon under Section 17.50(a)(4) of the DTPA.[34]

25.    Plaintiff's claims against Carreon for alleged violations of Sections 17.46(b)(5), 17.46(b)(7), 17.46(b)(12), or 17.50(a)(3) of the DTPA also miss the mark. With respect to these alleged statutory violations, Plaintiff's Amended Petition states:

> Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;[35]

> Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular

---

adjusters); *Mainali Corp.*, 2015 WL 5098047, at *5 (same); *Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3 (same).

[32]  *See Meritt Buffalo Events Ctr.*, 2016 WL 931217 at *5; *Mainali Corp.*, 2015 WL 5098047, at *5; *Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3; *cf. Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery").

[33]  *See* Plaintiff's Amended Petition at ¶¶33.a – 33.f.

[34]  *See Meritt Buffalo Events Ctr.*, 2016 WL 931217, at *6; *Mercury Multifamily Mgmt.*, 2016 WL 9091289at *4.

[35]  Plaintiff's Amended Petition at ¶37.a.

standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;[36]

Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, giving Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;[37]

Carreon represented that Northfield would pay to repair the damages caused by a covered cause of loss and then not doing so, violated Sections 17.46(b)(5), (7), and (12) of the DTPA;[38] [and]

Carreon engaged in an unconscionable action in that he took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree[.][39]

"These allegations are 'legal conclusions couched as factual allegations'" and, therefore, fail to state a claim under Sections 17.46(b)(5), (7), and (12) of the DTPA.[40] Plaintiff is likewise precluded from recovering under Section 17.50(a)(3) of the DTPA, because its Amended Petition "does not allege any facts that suggest that [Carreon] engaged in any unconscionable conduct."[41]

---

[36]   Plaintiff's Amended Petition at ¶37.b.

[37]   Plaintiff's Amended Petition at ¶37.c.

[38]   Plaintiff's Amended Petition at ¶37.d.

[39]   Plaintiff's Amended Petition at ¶37.e.

[40]   *Meritt Buffalo Events Ctr.*, 2016 WL 931217, at *6 (quoting *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3 (N.D. Tex. May 22, 2009) (McBryde, J.)).

[41]   *Id.*

**B.**     **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

26.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Northfield's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[42]

27.     Here, Plaintiff's Amended Petition states that Plaintiff seeks to recover damages in excess of $1,000,000 in this lawsuit.[43] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

**IV.**
**CONCLUSION**

28.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

29.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed contemporaneously with) this Notice of Removal:

a.     an index of all documents attached to (or filed with) this Notice of Removal that clearly identifies each such document and indicates the date the document was filed in state court (if applicable) – identified as Exhibit A-1;

b.     a copy of the docket sheet in the state court action – identified as Exhibit A-2;

c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date) – identified as Exhibit A-3-a through Exhibit A-3-e; and

---

[42]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[43]   Plaintiff's Amended Petition at ¶7.

       d.      a separately signed and filed certificate of interested persons that complies with Local Rule 3.1(c).

30.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Clerk of Dallas County, Texas, promptly after Northfield's filing of the notice. True and correct copies of this Notice of Removal will also be provided to all adverse parties in accordance with 28 U.S.C. § 1446(d) and the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Northfield Insurance Company requests that this action be removed from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ZELLE LLP

By: _/s/ James W. Holbrook, III_
     James W. Holbrook, III
     Texas Bar No. 24032426
     jholbrook@zelle.com
     Jennifer L. Gibbs
     Texas Bar No. 24050656
     jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 13th day of November, 2017, in accordance with the Federal Rules of Civil Procedure as follows:

Robert N. Grisham II
Robert@grishamlaw.com
William A. Kendall
wk@smith-kendall.com
GRISHAM & KENDALL, PLLC
5910 North Central Expressway, Suite 925
Dallas, TX  75206
Telephone:     214-987-0908
Facsimile:     214-987-4098
***Counsel for Plaintiff***

                                     */s/ James W. Holbrook, III*
                                     James W. Holbrook, III