# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VNC INC., D/B/A AMERICA BEST VALUE INN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-03124 |
| NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON, | § § § § | |
| Defendants. | § § | |

## EXHIBIT A

1.  Index of All Documents Filed in the State Court Action

2.  Docket Sheet in the State Court Action

3.  Documents filed in the State Court Action

    a.  Plaintiff's Original Petition and Request for Disclosure
       Filed:     August 31, 2017

    b.  Plaintiff's First Amended Original Petition and Request for Disclosure
       Filed:     October 3, 2017

    c.  Affidavit of Service of Citation on Defendant Northfield Insurance Company
       Served:   October 12, 2017
       Filed:     October 19, 2017

    d.  Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Original Petition
       Filed:     November 3, 2017

    e.  Affidavit of Service of Citation on Defendant Anthony Carreon
       Served:   October 4, 2017
       Filed:     November 6, 2017

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VNC INC., D/B/A AMERICA BEST VALUE INN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-03124 |
| NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON, | § § § § | |
| Defendants. | § § | |

## INDEX OF THE DOCUMENTS FILED IN STATE COURT ACTION

1. Plaintiff's Original Petition and Request for Disclosure
   Filed:      August 31, 2017

2. Plaintiff's First Amended Original Petition and Request for Disclosure
   Filed:      October 3, 2017

3. Affidavit of Service of Citation on Defendant Northfield Insurance Company
   Served:     October 12, 2017
   Filed:      October 19, 2017

4. Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Original Petition
   Filed:      November 3, 2017

5. Affidavit of Service of Citation on Defendant Anthony Carreon
   Served:     October 4, 2017
   Filed:      November 6, 2017

# Exhibit A-2

## Case Information

DC-17-11308 | VNC, INC., vs. NORTHFIELD INSURANCE COMPANY, et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-17-11308 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 08/31/2017 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
VNC, INC.,

  Aliases
  *DBA* AMERICA BEST VALUE INN
Address
GRISHAM & KENDALL, PLLC
5910 N. CENTRAL EXPRESSWAY, SUITE 925
DALLAS TX 75206

Active Attorneys ▼
Lead Attorney
GRISHAM,
ROBERT N
Retained

Work Phone
214-987-0098

Fax Phone
214-987-4098

DEFENDANT
NORTHFIELD INSURANCE COMPANY

Address
THROUGH THE TEXAS COMMISSIONER OF
INSURANCE
P.O. BOX 149104
AUSTIN TX 78714-9104

Active Attorneys ▼
Lead Attorney
GIBBS, JENNIFER
L.
Retained

Work Phone
214-742-3000

Fax Phone
214-760-8994

Inactive Attorneys ▼
  Pro Se

DEFENDANT
CARREON, ANTHONY

Address
9601 MCALLISTER FREEWAY, SUITE 700
SAN ANTONIO TX 78216-4681

Active Attorneys ▾
Lead Attorney
GIBBS, JENNIFER
L.
Retained

Work Phone
214-742-3000

Fax Phone
214-760-8994

Inactive Attorneys ▾
Pro Se

## Events and Hearings

08/31/2017 NEW CASE FILED (OCA) - CIVIL

08/31/2017 ORIGINAL PETITION ▾

Pltf's Original Petition & RFD

08/31/2017 CASE FILING COVER SHEET ▾

Family Case Cover Sheet [doc].pdf

08/31/2017 CORRESPONDENCE - LETTER TO FILE ▾

COVER LETTER

09/05/2017 ISSUE CITATION

09/06/2017 CITATION ISSUED ▾

DC-17-11308ANTHONY.pdf

09/06/2017 CITATION ISSUED ▾

DC-17-11308NORTHFIELD.pdf

09/06/2017 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
11/05/2017

---

10/03/2017 AMENDED PETITION ▾

VNC POP 1st Amen OP & RFD.pdf

Comment
FIRST

---

10/03/2017 CORRESPONDENCE - LETTER TO FILE ▾

COURT - FILING PLTF'S 1ST AMEN OP & RFD

Comment
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE

---

10/09/2017 ISSUE CITATION ▾

Comment
FIRST AMENDED

---

10/10/2017 CITATION ISSUED ▾

DC17-11308 NFI.pdf

---

10/10/2017 CITATION SOS/COI/COH/HAG ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
10/19/2017
Comment
COI ESERVE 19956675 robert@grishamkendall.com /TJ.

---

10/19/2017 RETURN OF SERVICE ▾

NORTHFIELD INSURANCE RETURN.pdf

CIT EXEC 11/16/17 TO NORTHFIELD INSURANCE RETURN

11/03/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Defs' Ans & Affir Def to Pltf's 1st Amnd Orig Pet.pdf

11/06/2017 RETURN OF SERVICE ▾

ANTHONY CARREON RETURN.pdf

   Comment
   CIT EXEC 11/2/17 TO ANTHONY CARREON

# Financial

VNC, INC.,
   Total Financial Assessment                $351.00
   Total Payments and Credits          $351.00

| Date | Type | Receipt | Payer | Amount |
|------|------|---------|-------|--------|
| 9/1/2017 | Transaction Assessment | | | $348.00 |
| 9/1/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 56834-2017-DCLK | VNC, INC., D/B/A AMERICA BEST VALUE INN | ($348.00) |
| 9/27/2017 | Transaction Assessment | | | $0.00 |
| 10/4/2017 | Transaction Assessment | | | $8.00 |
| 10/4/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 64903-2017-DCLK | VNC, INC., | ($8.00) |

## Documents

Pltf's Original Petition & RFD

Family Case Cover Sheet [doc].pdf

COVER LETTER

DC-17-11308ANTHONY.pdf

DC-17-11308NORTHFIELD.pdf

VNC POP 1st Amen OP & RFD.pdf

COURT - FILING PLTF'S 1ST AMEN OP & RFD

DC17-11308 NFI.pdf

NORTHFIELD INSURANCE RETURN.pdf

Defs' Ans & Affir Def to Pltf's 1st Amnd Orig Pet.pdf

ANTHONY CARREON RETURN.pdf

# Exhibit A-3

# Exhibit A-3-a

FILED
DALLAS COUNTY
8/31/2017 3:19 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

CAUSE NO. DC-17-11308 _____

| | | |
|---|---|---|
| VNC, INC., D/B/A AMERICA BEST VALUE INN | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| | § | ___ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VNC, Inc., d/b/a America Best Value Inn files this its Plaintiff's Original Petition and Request for Disclosure against Defendants Northfield Insurance Company and Anthony Carreon, and would show unto the Court and Jury as follows:

### I. PARTIES AND DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level Three of TRCP 190.

2. Plaintiff VNC, Inc. is a Texas Corporation doing business as America Best Value Inn.

3. Defendant Northfield Insurance Company ("Northfield") is a foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas and may be served through the Texas Commissioner of Insurance, P.O. Box 149104, Austin, Texas 78714-9104.

4. Defendant Anthony Carreon ("Carreon") is a Texas resident who may be served at 9601 McAllister Freeway, Suite 700, San Antonio, Texas 78216-4681.

5. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 1 OF 13.**

herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") in order to properly identify the corporate or other entities which are defendants herein.

## II. JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The insured property is located in Dallas County, Texas and all or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Dallas County, Texas. Therefore, venue of this case is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

## III. RULE 47 DAMAGE ALLEGATIONS

7.      Pursuant to the provisions of TRCP 47, Plaintiff alleges that the damages sought by the Plaintiff are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.

8.      Pursuant to TRCP 48, Plaintiff elects to plead in the alternative.

## IV. AGENCY AND RESPONDEAT SUPERIOR

9.      Whenever in this petition it is alleged that Defendant Northfield did any act or thing, it is meant that defendant or its agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of defendant or done in the normal routine, course and scope of the agency or employment of defendant or its agents, officers, servants, employees, or representatives.

## V. CONDITIONS PRECEDENT

10.     All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 2 OF 13.**

## VI. REQUEST FOR DISCLOSURE

11.    Pursuant to Rule 194 TRCP, defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VII. BACKGROUND FACTS

12.    Plaintiff owns property located at 4005 Beltline Road, Addison, Texas 75001 ("Property"). Plaintiff purchased an insurance policy from Northfield which insured the Property. All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

13.    Following a hailstorm occurring on March 23, 2016, Plaintiff reported a claim to Northfield for roof damage to its properties located at 4005 Beltline Road, Addison, Texas ("Property"). Northfield assigned Carreon to be the field adjuster on the above claim. After an apparent investigation by Northfield and Mr. Carreon, Northfield advised Plaintiff on July 22, 2016 that a portion of the claim was not covered by the relevant Northfield policy. Northfield indicated that its decision to partially deny the insured's claim was based in part on the determination that no evidence of any openings caused by hail or any other covered cause of loss that would allow water to enter into the building was identified. Northfield also noted that evidence of wear and tear were present to certain areas of the roof which contributed to the interior water damage.

14.    Northfield's investigation did not include any investigation by a qualified engineer, metallurgist or roof technician who may have assisted in the determination of the nature of damage (i.e., cosmetic or functional) to the Property's roof. Despite a lack of such analysis being undertaken by Northfield, Plaintiff's claim was summarily denied.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 3 OF 13.**

15.     Plaintiff's public insurance adjuster, Jett McKay presented evidence in the form of photographs and an estimate demonstrating the underpayment of the claim made for damage to this property. Despite such evidence and unreasonable basis for the denial of benefits, Northfield has failed and refused to make full payment to our Plaintiff for the damage to this property.

16.     Plaintiff cooperated with Carreon during his investigation of the claim by responding to inquiries and making the Property available for inspections by Carreon and Northfield's agents. Despite evidence of a covered event to the insured Property, Carreon failed to adequately respond to new information furnished by Plaintiff. Carreon has refused to issue full payment for all covered damage or loss owed under the policy. Carreon's unreasonable investigation and Defendants' wrongful denial of policy benefits has necessitating the filing of this petition.

## VIII. PLAINTIFF'S CAUSES OF ACTION AGAINST NORTHFIELD

### A. Breach of Contract

17.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

18.     Plaintiff would show that the Policy was in full force and effect upon discovery of the physical loss or damage. Among the perils that the Policy insures against is the physical loss or damage resulting from direct physical loss or damage to covered property caused by or resulting from a "Covered Cause of Loss", which includes "Risks of Direct Physical Loss" unless the loss is limited or excluded. The Policy does not limit or exclude the loss or damage caused by the event at issue in the present matter; therefore, the event is a covered cause of loss causing or resulting in direct physical loss or damage to the Property.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 4 OF 13.**

19.     Plaintiff timely submitted a claim to Northfield for payment of the claim in accordance with the terms of the Policy. Northfield has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

## B. Common Law Causes of Action

20.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. By its acts, omissions, failures and conduct, Northfield breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Northfield also breached its duty by unreasonably delaying payment of Plaintiff's claim and failing to settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant Northfield are a proximate cause of Plaintiff's damages.

## C. Unfair Claims Settlement Practices Act Violations

21.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action against Defendant Northfield.

22.     By its acts, omissions, failures and conduct, Northfield has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as Defendant Northfield' unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of the Property after liability had become reasonably clear.

23.   Specifically, Northfield engaged in unfair insurance practices in the following respects:

a.   Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.   Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.   Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurers denial of a claim or for the offer of a compromise settlement of a claim;

d.   Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and

e.   Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

24.   All of the above-described acts, omissions and failures of Defendant Northfield were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## D. Deceptive Trade Practices Act Violations

25.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Northfield under the provisions of the Deceptive Trade Practices - Consumer Protection Act ("DTPA"). Plaintiff has met all conditions precedent to bringing this cause of action against Northfield.

26.     Plaintiff cooperated with Northfield's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors retained by Defendants. However, Northfield failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

27.     By its acts, omissions, failures and conduct that are described in this petition, Northfield violated the DTPA. Specifically, Northfield violated the DTPA in the following respects:

a.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

d.      Northfield represented that it would pay to repair the physical loss or damage caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

e.  Northfield engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

f.  Northfield's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

28.  All of the above-described acts, omissions and failures of Defendant Northfield were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## E. Violation of Prompt Payment of Claims Act

29.  Plaintiff would show that Northfield violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim. Likewise, Defendant Northfield's failure to pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

> "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

30.  Defendant Northfield' wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## IX. PLAINTIFF'S CAUSES OF ACTIONS AGAINST CARREON

### A. Unfair Claims Settlement Practices Act Violations

31.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against Carreon.

32.     By his acts, omissions, failures and conduct, Carreon has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, the underpayment to Plaintiff for repairs to its Property, the unreasonable disregard for the evidence provided by Plaintiff from its engineer and public adjuster that the claim was underpaid, as well as Carreon's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and his failure to pay for the proper repair of Plaintiff's Property after liability had become reasonably clear.

33.     Specifically, Defendant Carreon engaged in unfair insurance practices in the following respects:

    a.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear;

    c.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (1) of the Texas Insurance Code, by misrepresenting an insurance policy by making an untrue statement of material fact including, but not limited to, mispresenting the repairs requested by Plaintiff were not covered by the Policy, among other misrepresentations;

e.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (2) of the Texas Insurance Code, by misrepresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

f.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (3) of the Texas Insurance Code, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

34.    All of the above-described acts, omissions and failures of Carreon were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## B. Deceptive Trade Practices Act Violations

35.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Carreon under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Carreon.

36.    Plaintiff cooperated with Carreon's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors sent by Carreon. Carreon failed to properly and reasonably investigate Plaintiff's claim and failed to properly consider evidence from Plaintiff's retained engineer and Plaintiff's public adjuster that the claim was severely underpaid. Further, Carreon refused and failed to pay its claim for physical loss or

damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted

a covered loss.

37.     By his acts, omissions, failures and conduct that are described in this petition,

Carreon violated the DTPA. Specifically, Carreon violated the DTPA in the following respects:

a.     Carreon represented to Plaintiff that its insurance policy and Defendants'
       adjusting and investigative services had characteristics or benefits that it did
       not have, which gives Plaintiff the right to recover under Section 17.46
       (b)(5) of the DTPA;

b.     Carreon represented to Plaintiff that its insurance policy and Defendants'
       adjusting and investigative services were of a particular standard, quality,
       or grade when they were of another in violation of Section 17.46 (b)(7) of
       the DTPA;

c.     Carreon represented to Plaintiff that its insurance policy and Defendants'
       adjusting and investigative services conferred or involved rights, remedies,
       or obligations that it did not have, which give Plaintiff the right to recover
       under Section 17.46 (b)(12) of the DTPA;

d.     Carreon represented that Northfield would pay to repair the damages caused
       by a covered cause of loss and then not doing so, violated Sections 17.46
       (b)(5), (7) and (12) of the DTPA;

e.     Carreon engaged in an unconscionable action in that it took advantage of
       Plaintiff's lack of knowledge, ability, and experience to a grossly unfair
       degree. Carreon's unconscionable conduct gives Plaintiff the right to relief
       under Section 17.50(a)(1) and (3); and

f.     Carreon's conduct, acts, omissions and failures, as described in this petition,
       are unfair practices in the business of insurance in violation of Section 17.50
       (a)(4) of the DTPA.

38.     All of the above-described acts, omissions and failures of Carreon were relied upon

by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Further, said

unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff

should recover additional damages as provided by the DTPA.

## X. WAIVER AND ESTOPPEL

39.     Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI. CONDITIONS PRECEDENT

40.     All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

## XII. DAMAGES

41.     The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full cost to replace or repair the damaged Property, including without limitation, damages to the building and business income or interruption loss or damage. Plaintiff is also entitled to recover an 18% per annum penalty on that claim as damages under the Prompt Payment of Claims Act.

## XIII. ADDITIONAL DAMAGES

42.     Defendants also knowingly and/or intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XIV. ATTORNEY'S FEES

43.     Plaintiff has been forced to engage the services of the below-signed attorney(s).

44.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 12 OF 13.**

## XV. JURY DEMAND

45.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
State Bar No. 00792550
William A. Kendall
wk@grishamkendall.com
State Bar No. 24004736

GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 987-2036

**ATTORNEYS FOR PLAINTIFF**

Exhibit A-3-b

FILED
DALLAS COUNTY
10/3/2017 4:59 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-11308

| | | |
|---|---|---|
| VNC, INC., D/B/A AMERICA BEST VALUE INN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | 68TH JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | |
| AND ANTHONY CARREON | § | DALLAS COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VNC, Inc., d/b/a America Best Value Inn files this its Plaintiff's First Amended

Original Petition and Request for Disclosure against Defendants Northfield Insurance Company

and Anthony Carreon, and would show unto the Court and Jury as follows:

### I. PARTIES AND DISCOVERY LEVEL

1.      Discovery is intended to be conducted under Level Three of TRCP 190.

2.      Plaintiff VNC, Inc. is a Texas Corporation doing business as America Best Value

Inn.

3.      Defendant <u>Northfield Insurance Company</u> ("Northfield") is a surplus lines

insurance carrier and, in accordance with Texas law and the policy in question, may be served with

a copy of the citation and petition through <u>the Texas Commissioner of Insurance, P.O. Box 149104,</u>

<u>Austin, Texas 78714-9104</u> provided that the Commissioner forwards a copy of same by certified

or registered mail to: <u>Northfield Insurance Company, President & CEO: Brian W. MacLean, P.O.</u>

<u>Box 64816, St. Paul, Minnesota, 55164</u>.

4.      Defendant <u>Anthony Carreon</u> ("Carreon") is a Texas resident who may be served at

<u>9601 McAllister Freeway, Suite 700, San Antonio, Texas 78216-4681</u>.

5.     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") in order to properly identify the corporate or other entities which are defendants herein.

## II. JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The insured property is located in Dallas County, Texas and all or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Dallas County, Texas. Therefore, venue of this case is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

## III. RULE 47 DAMAGE ALLEGATIONS

7.     Pursuant to the provisions of TRCP 47, Plaintiff alleges that the damages sought by the Plaintiff are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.

8.     Pursuant to TRCP 48, Plaintiff elects to plead in the alternative.

## IV. AGENCY AND RESPONDEAT SUPERIOR

9.     Whenever in this petition it is alleged that Defendant Northfield did any act or thing, it is meant that defendant or its agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of defendant or done in the normal routine, course and scope of the agency or employment of defendant or its agents, officers, servants, employees, or representatives.

## V. CONDITIONS PRECEDENT

10.     All conditions precedent necessary to maintain this action have been performed,

have occurred, have been waived, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

## VI. **REQUEST FOR DISCLOSURE**

11.     Pursuant to Rule 194 TRCP, defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VII. **BACKGROUND FACTS**

12.     Plaintiff owns property located at 4005 Beltline Road, Addison, Texas 75001 ("Property"). Plaintiff purchased an insurance policy from Northfield which insured the Property. All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

13.     Following a hailstorm occurring on March 23, 2016, Plaintiff reported a claim to Northfield for roof damage to its properties located at 4005 Beltline Road, Addison, Texas ("Property"). Northfield assigned Carreon to be the field adjuster on the above claim. After an apparent investigation by Northfield and Mr. Carreon, Northfield advised Plaintiff on July 22, 2016 that a portion of the claim was not covered by the relevant Northfield policy. Northfield indicated that its decision to partially deny the insured's claim was based in part on the determination that no evidence of any openings caused by hail or any other covered cause of loss that would allow water to enter into the building was identified. Northfield also noted that evidence of wear and tear were present to certain areas of the roof which contributed to the interior water damage.

14.     Northfield's investigation did not include any investigation by a qualified engineer, metallurgist or roof technician who may have assisted in the determination of the nature of damage (i.e., cosmetic or functional) to the Property's roof. Despite a lack of such analysis being

undertaken by Northfield, Plaintiff's claim was summarily denied.

15.    Plaintiff's public insurance adjuster, Jett McKay presented evidence in the form of photographs and an estimate demonstrating the underpayment of the claim made for damage to this property. Despite such evidence and unreasonable basis for the denial of benefits, Northfield has failed and refused to make full payment to our Plaintiff for the damage to this property.

16.    Plaintiff cooperated with Carreon during his investigation of the claim by responding to inquiries and making the Property available for inspections by Carreon and Northfield's agents. Despite evidence of a covered event to the insured Property, Carreon failed to adequately respond to new information furnished by Plaintiff. Carreon has refused to issue full payment for all covered damage or loss owed under the policy. Carreon's unreasonable investigation and Defendants' wrongful denial of policy benefits has necessitating the filing of this petition.

## VIII. PLAINTIFF'S CAUSES OF ACTION AGAINST NORTHFIELD

### A. Breach of Contract

17.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

18.    Plaintiff would show that the Policy was in full force and effect upon discovery of the physical loss or damage. Among the perils that the Policy insures against is the physical loss or damage resulting from direct physical loss or damage to covered property caused by or resulting from a "Covered Cause of Loss", which includes "Risks of Direct Physical Loss" unless the loss is limited or excluded. The Policy does not limit or exclude the loss or damage caused by the event

at issue in the present matter; therefore, the event is a covered cause of loss causing or resulting in direct physical loss or damage to the Property.

19.     Plaintiff timely submitted a claim to Northfield for payment of the claim in accordance with the terms of the Policy. Northfield has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

## B. Common Law Causes of Action

20.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. By its acts, omissions, failures and conduct, Northfield breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Northfield also breached its duty by unreasonably delaying payment of Plaintiff's claim and failing to settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant Northfield are a proximate cause of Plaintiff's damages.

## C. Unfair Claims Settlement Practices Act Violations

21.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action against Defendant Northfield.

22.     By its acts, omissions, failures and conduct, Northfield has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as Defendant Northfield' unreasonable delays in the investigation, adjustment and resolution of

Plaintiff's claim and its failure to pay for the proper repair of the Property after liability had become reasonably clear.

23.     Specifically, Northfield engaged in unfair insurance practices in the following respects:

a.     Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.     Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.     Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurers denial of a claim or for the offer of a compromise settlement of a claim;

d.     Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and

e.     Northfield engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

24.     All of the above-described acts, omissions and failures of Defendant Northfield were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## D. Deceptive Trade Practices Act Violations

25.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Northfield under the provisions of the Deceptive Trade Practices - Consumer Protection Act ("DTPA"). Plaintiff has met all conditions precedent to bringing this cause of action against Northfield.

26.     Plaintiff cooperated with Northfield's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors retained by Defendants. However, Northfield failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

27.     By its acts, omissions, failures and conduct that are described in this petition, Northfield violated the DTPA. Specifically, Northfield violated the DTPA in the following respects:

a.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Northfield represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

d. Northfield represented that it would pay to repair the physical loss or damage caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

e. Northfield engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

f. Northfield's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

28. All of the above-described acts, omissions and failures of Defendant Northfield were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### E. Violation of Prompt Payment of Claims Act

29. Plaintiff would show that Northfield violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim. Likewise, Defendant Northfield's failure to pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

30. Defendant Northfield' wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## IX. PLAINTIFF'S CAUSES OF ACTIONS AGAINST CARREON

### A. Unfair Claims Settlement Practices Act Violations

31.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against Carreon.

32.    By his acts, omissions, failures and conduct, Carreon has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, the underpayment to Plaintiff for repairs to its Property, the unreasonable disregard for the evidence provided by Plaintiff from its engineer and public adjuster that the claim was underpaid, as well as Carreon's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and his failure to pay for the proper repair of Plaintiff's Property after liability had become reasonably clear.

33.    Specifically, Defendant Carreon engaged in unfair insurance practices in the following respects:

a.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear;

c.    Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance

Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.     Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (1) of the Texas Insurance Code, by misrepresenting an insurance policy by making an untrue statement of material fact including, but not limited to, mispresenting the repairs requested by Plaintiff were not covered by the Policy, among other misrepresentations;

e.     Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (2) of the Texas Insurance Code, by misrepresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

f.     Carreon engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (3) of the Texas Insurance Code, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

34.     All of the above-described acts, omissions and failures of Carreon were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## B. Deceptive Trade Practices Act Violations

35.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Carreon under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Carreon.

36.     Plaintiff cooperated with Carreon's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors sent by Carreon. Carreon failed to properly and reasonably investigate Plaintiff's claim and failed to properly consider evidence from Plaintiff's retained engineer and Plaintiff's public adjuster that the claim was severely underpaid. Further, Carreon refused and failed to pay its claim for physical loss or

damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

37.     By his acts, omissions, failures and conduct that are described in this petition, Carreon violated the DTPA. Specifically, Carreon violated the DTPA in the following respects:

a.     Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.     Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.     Carreon represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

d.     Carreon represented that Northfield would pay to repair the damages caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

e.     Carreon engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Carreon's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

f.     Carreon's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

38.     All of the above-described acts, omissions and failures of Carreon were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## X. WAIVER AND ESTOPPEL

39.     Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI. CONDITIONS PRECEDENT

40.     All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

## XII. DAMAGES

41.     The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full cost to replace or repair the damaged Property, including without limitation, damages to the building and business income or interruption loss or damage. Plaintiff is also entitled to recover an 18% per annum penalty on that claim as damages under the Prompt Payment of Claims Act.

## XIII. ADDITIONAL DAMAGES

42.     Defendants also knowingly and/or intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XIV. ATTORNEY'S FEES

43.     Plaintiff has been forced to engage the services of the below-signed attorney(s).

44.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## XV. JURY DEMAND

45.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
State Bar No. 00792550
William A. Kendall
wk@grishamkendall.com
State Bar No. 24004736

GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 987-2036

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3-c

FILED
DALLAS COUNTY
10/19/2017 12:32 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

ESERVE (COI)

CITATION

No.: DC-17-11308

VNC, INC.,
vs.
NORTHFIELD INSURANCE COMPANY, et al

ISSUED
ON THIS THE 10TH DAY OF OCTOBER, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By TERESA JONES, Deputy

Attorney for : Plaintiff
ROBERT N GRISHAM II
GRISHAM & KENDALL, PLLC
5910 N CENTRAL EXPY
SUITE 925
DALLAS TX 75206
214-308-2027

DALLAS COUNTY
SERVICE FEES
NOT PAID

FORM NO. 353-4—CITATION THE STATE OF TEXAS

To:    NORTHFIELD INSURANCE COMPANY
BY SERVING THE TEXAS COMMISSIONER OF INSURANCE
P.O BOX 149104
AUSTIN, TX, 78714-9104

PRESIDENT & CEO , BRIAN W MACLEAN
P.O BOX 64816
ST PAUL MINNESOTA 55164

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 68th District Court at 600 Commerce Street, Dallas, Texas 75202.

Said PLAINTIFF being VNC, INC., D/B/A AMERICA BEST VALUE INN

Filed in said Court 3rd day of October, 2017 against
NORTHFIELD INSURANCE COMPANY; ANTHONY CARREON

For suit, said suit being numbered DC-17-11308 the nature of which demand is as follows:
Suit On OTHER (CIVIL) etc.
as shown on said petition REQUEST FOR DISCLOSURE, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the 10th day of October, 2017
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

/s/ Teresa Jones

By _____            _____ , Deputy
                                TERESA JONES

DC-17-11308
## DALLAS COUNTY 68TH JUDICIAL DISTRICT COURT

### VNC, INC.
### VS.
### NORTHFIELD INSURANCE COMPANY, ET AL

---

### RETURN

Came to my hand:    October 10th, 2017 at 12:19 p.m.

To:            Northfield Insurance Company
            By Serving The Texas Commissioner of Insurance
            P.O. Box 149104
            Austin, Texas 78714-9104

__x_   Citation and copy
__x_   First Amended Petition and copy
__x_   $50.00 Fee – Check 3373
__x_   Cover Letter

Delivered by me on:  October 10th, 2017 at 4:55 p.m.

Delivered by me at:  P.O. Box 149104, Austin, Tx 78714-9104, in Travis County, by delivering
            to Northfield Insurance Company, by delivering to the Texas Insurance
            Commissioner, its agent for service of process, via CMRRR:
            7015.3010.0000.9604.1696, signed for by Texas Department of Insurance
            Mail Services employee, Charles Rodriguez, a true copy of the above
            specified civil process, having first endorsed on such copy the date of
            delivery. I am over eighteen (18) years of age and not a party to or
            interested in the outcome of this case. This return is attached to original
            process or a copy thereof.

*************************************************************

"My name is Alan R. Davis. My date of birth is 8/25/62. My address is
P.O. Box 38066, Dallas, Texas, 75238, United States of America. I declare
under penalty of perjury the foregoing is true and correct. Executed in
Dallas County, Texas on October 19, 2017.

---

Alan R. Davis, Authorized Person, Declarant" SCH-399, Expires 7/31/20
P. O. Box 38066, Dallas, Tx 75238, (214) 893-8956
ad@investigationsltd.net

## OFFICER'S RETURN
## FOR INDIVIDUALS

Cause No. DC-17-11308

Court No: 68th District Court

Style: VNC, INC.,
vs.
NORTHFIELD INSURANCE COMPANY, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____ .M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____ .M. by summoning _____ the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this,
day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

# Alan R. Davis

## P. O. Box 38066
## Dallas, Texas 75238

Cell: 214.893.8956                                                    Email:ad@investigationsltd.net

### Texas Authorized Process Server No. SCH-399

Via CMRRR: 7015.3010.0000.9604.1696

Monday, October 10, 2017

The Commissioner of Insurance
Attorney for Service for Northfield Insurance Company
PO Box 149104
Austin, Tx 78714-9104

Re:   VNC, Inc. v. Northfield Insurance Company, et al
      DC-17-11308 (Dallas 68th)
      Serve:  Northfield Insurance Company

Dear Sir or Madam:

Enclosed is an original and copy of a Citation and Plaintiff's First Amended Original Petition and Request
for Disclosure that per the Petition is being served upon the Commissioner as Attorney for Service for
Northfield Insurance Company.  Also enclosed is check 3373 in the amount of $50.00.

The Defendant's name and mailing address per TDI records:

Northfield Insurance Company
President & CEO Brian W. McLean
PO Box 64816
St. Paul, Minnesota 55164

Please return the Certificate to:

Robert N. Grisham, II
Grisham & Kendall PLLC
5910 N. Central Expy, Suite 925
Dallas, Tx 75206

Sincerely,

Alan R. Davis

# USPS Tracking® Results

FAQs › (http://faq.usps.com/?articleId=220900)

Track Another Package  +

Remove ✕

**Tracking Number: 70153010000096041696**

▶        ▶        ▶   Delivered

**On Time**
**Expected Delivery on:** Thursday, October 12, 2017 by 8:00pm ⓘ
## Product & Tracking Information

See Available Actions

**Postal Product:**                **Features:**
First-Class Mail®                  Certified Mail™

See tracking for related item: 9590940226396336202109
(/go/TrackConfirmAction?tLabels=9590940226396336202109)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 12, 2017, 6:52 am | Delivered | **AUSTIN, TX 78714** |
|  | ▲ |  |
| Your item was delivered at 6:52 am on October 12, 2017 in AUSTIN, TX 78714. | | |
| October 12, 2017, 5:10 am | Arrived at Unit | AUSTIN, TX 78710 |
| October 11, 2017, 8:35 pm | Departed USPS Regional Facility | AUSTIN TX DISTRIBUTION CENTER |
| October 11, 2017, 12:43 pm | Arrived at USPS Regional Destination Facility | AUSTIN TX DISTRIBUTION CENTER |
| October 11, 2017, 6:09 am | Departed USPS Regional Facility | COPPELL TX DISTRIBUTION CENTER |
| October 11, 2017, 1:21 am | Arrived at USPS Regional Origin Facility | COPPELL TX DISTRIBUTION CENTER |
| October 10, 2017, 6:59 pm | Departed Post Office | DALLAS, TX 75238 |
| October 10, 2017, 4:34 pm | USPS in possession of item | DALLAS, TX 75238 |

See Less ⌃

## Available Actions

Text & Email Updates



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

AUSTIN, TX 78714

Certified Mail Fee    $3.35    0238
$                                          07
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)         $ $0.00          Postmark
☐ Certified Mail Restricted Delivery  $ $0.00           Here
☐ Adult Signature Required            $ $0.00
☐ Adult Signature Restricted Delivery $
Postage    $2.45
$                                      10/10/2017
$8.55

Texas Commissioner of Insurance, Agt
for Northfield Insurance Company
PO Box 149104
Austin, Tx 78714-9104

7015 3010 0000 9604 1696

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Texas Commissioner of Insurance, Agt
for Northfield Insurance Company
PO Box 149104
Austin, Tx 78714-9104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
Charlie Rodriguez          ☐ Agent
                           ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Charles Rodriguez          OCT 1 2 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 2639 6336 2021 09

2. Article Number (Transfer from service label)
7015 3010 0000 9604 1696

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

With Inform

• See ima

• Automat

• Set up e

• Enter U

---

Sign Up (https://reg.usps.com/entreg

/RegistrationAction_Input?app=UspsTools&

* NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.
appURL=https%3A%2F

%2Ftools.usps.com%2Fgo%2FTrackConfirmAction%21input%3FtLabels%3D70153010000(

(https://www.usps.com/)

# Exhibit A-3-d

FILED
DALLAS COUNTY
11/3/2017 11:18 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-11308

| | | |
|---|---|---|
| VNC INC., D/B/A AMERICA BEST VALUE INN, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON, | § § § § | |
| Defendants. | § | 68th JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Defendants Northfield Insurance Company ("Northfield") and Anthony Carreon ("Carreon") file the following Answer and Affirmative Defenses to Plaintiff's First Amended Original Petition and state:

### I.
### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Northfield and Carreon (collectively, "Defendants") generally deny each and every allegation contained in Plaintiff's First Amended Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## SPECIAL DENIAL

2.      Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. For example, Plaintiff failed to provide Defendants timely written notice of Plaintiff's statutory claims in this matter as expressly required by Section 541.154 of the Texas Insurance Code and Section 17.505 of the Texas Business and Commerce Code, thereby precluding Plaintiff from prevailing on any such claims. Plaintiff also failed to properly present its claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees in this action. Plaintiff's claims are barred, in whole or in part, by its failure to satisfy these (and other) conditions precedent to the recovery it seeks in this action.

3.      Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent required under Texas statute, Texas law, and/or the Northfield Insurance Policy No. WS204869, with effective dates of coverage from April 15, 2015 through April 15, 2016, including all related endorsements, schedules, and declaration pages/certificates (collectively, the "Policy").

## III.
## AFFIRMATIVE DEFENSES

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants set forth the following affirmative defenses to the allegations in Plaintiff's First Amended Original Petition:

      a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's First Amended Original Petition fails to state a claim against Defendants upon which relief can be granted.

b.     Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.

c.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage (as required by the Policy).

d.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a Covered Cause of Loss or Covered Causes of Loss (as required by and defined in the Policy).

e.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than Covered Property (as defined in the Policy).

f.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

g.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

h.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

i.      Plaintiff's claims are barred, in whole in part, to the extent any interior physical loss or damage to the interior of any building or structure was caused by rain (whether driven by wind or not), but the building or structure did not first sustain damage by a Covered Cause of Loss (as defined in the Policy) to its roof or walls through which the rain entered.

j.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for "cosmetic damage to roof surfacing caused by wind and/or hail" (as set forth and defined in the Policy).

k.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limitation(s) regarding loss or damage caused by or resulting from fungus, wet rot, dry rot, or bacteria.

l.      Plaintiff's claims are subject to the Policy's loss payment/valuation provision, which states (in part) that replacement cost coverage is only afforded if the Covered Property is actually repaired or replaced as soon as reasonably possible after the loss or damage occurs.

m.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for "cosmetic loss or damage" (as defined in the Policy).

n.      Plaintiff's claim for coverage under the Policy has been fully adjusted and paid by Defendant in accordance with the terms of the Policy.  Plaintiff's claims are thus barred, in whole or in part, to the extent of Defendant's prior payment under the Policy, and Plaintiff's recovery under the Policy, if any, must be offset and reduced accordingly.

o.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

p.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

q.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

r.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendants have and/or had no control.

s.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Northfield and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Northfield would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

t.      Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (ii) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (ii) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; and (iii) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

u.      Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

v.      To the extent Plaintiff has asserted claims against Northfield under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153, and this Court should award Northfield court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

5.     Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

6.     By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Northfield Insurance Company and Antony Carreon pray that upon final judgment: (i) all relief requested by Plaintiff be denied; (ii) all costs be taxed against Plaintiff; and (iii) for such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

Respectfully submitted,

ZELLE LLP

By:_____/s/ Jennifer L. Gibbs_____
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Original Petition has been served this 3rd day of November, 2017, in accordance with the Texas Rules of Civil Procedure, as follows:

Robert N. Grisham II
robert@grishamkendall.com
William A. Kendall
wk@grishamkendall.com
GRISHAM & KENDALL, PLLC
5910 N. Central Expressway, Ste 925
Dallas, Texas 75206
Telephone:     214-308-2027
Facsimile:     214-987-2036
**Attorneys for Plaintiff**

_/s/ Jennifer L. Gibbs_

Jennifer L. Gibbs

# Exhibit A-3-e

FILED
DALLAS COUNTY
11/6/2017 12:00 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03124-L    Document 1-3    Filed 11/13/17    Page 57 of 61    PageID 75

Dianne Coffey

**ESERVE**

**CITATION**

**DC-17-11308**

VNC, INC.,
vs.
NORTHFIELD INSURANCE COMPANY,
et al

ISSUED THIS
**6th day of September, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
ROBERT N GRISHAM II
GRISHAM & KENDALL PLLC
5910 N CENTRAL EXPWY
PREMIER PLACE SUITE 925
DALLAS TX 75206
214-308-2027

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

10-2-87
11:03 a.m.
9-1+597

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **ANTHONY CARREON**
      **9601 MCALLISTER FREEWAY, SUITE 700**
      **SAN ANTONIO TX 78216-4681**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VNC, INC., D/B/A AMERICA BEST VALUE INN**

Filed in said Court **31st day of August, 2017** against

**NORTHFIELD INSURANCE COMPANY AND ANTHONY CARREON**

For Suit, said suit being numbered **DC-17-11308**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

   By   /s/ Gay Lane                          , Deputy
        GAY LANE



9-26-17
2:35 p

# OFFICER'S RETURN

Case No. : DC-17-11308

Court No.68th District Court

Style: VNC, INC.,

vs.

NORTHFIELD INSURANCE COMPANY, et al

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____ .M. on the _____ day of _____, 20___ o'clock _____ .M. Executed at _____

within the County of _____ at _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____    Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County.

**DC-17-11308**
**DALLAS COUNTY 68TH JUDICIAL DISTRICT COURT**

**VNC, INC.**
**VS.**
**NORTHFIELD INSURANCE COMPANY, ET AL**

---

## RETURN

**Came to my hand:**   September 28th, 2017 at 2:30 p.m.

**To:**     Anthony Carreon
        9601 McAllister Freeway, Suite 700
        San Antonio, Texas 78216-4681

__x_   Citation
__x_   Plaintiff's Original Petition and Request for Disclosure

**Delivered by me on: October 2nd, 2017 at 11:05 a.m.**

**Delivered by me at:**   9601 McAllister Freeway, Suite 700 San Antonio, Texas 78216 in Bexar County, by delivering to Anthony Carreon, by certified mail return receipt requested, signed for by Cathie Carbajal, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery. I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. This return is attached to original process or a copy thereof. All statements and facts herein contained are within my personal knowledge.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"My name is Alan R. Davis. My date of birth is 8/25/62. My address is P.O. Box 38066, Dallas, Texas, 75238, United States of America. I declare under penalty of perjury the foregoing is true and correct. Executed in Dallas County, Texas on October 12, 2017.

_Alan R. Davis, Authorized Person, Declarant" SCH-399, Expires 7/31/20_
P. O. Box 38066, Dallas, Tx 75238. (214) 893-8956
ad@investigationsltd.net

**Page 1 of 1**

# USPS Tracking® Results

**FAQs ›** (http://faq.usps.com/?articleId=220900)

## Track Another Package ✚

Remove ✕

**Tracking Number:** 70153010000096037682

▶       ▶       ▶   Delivered

## Product & Tracking Information          **See Available Actions**

| Postal Product: | Features: |
|---|---|
| First-Class Mail® | Certified Mail™ |

**See tracking for related item: 9590940226396336201935**
**(/go/TrackConfirmAction?tLabels=9590940226396336201935)**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **October 4, 2017, 2:11 pm** | **Delivered, Left with Individual** | **SAN ANTONIO, TX 78216** |

▲

Your item was delivered to an individual at the address at 2:11 pm on October 4, 2017 in SAN ANTONIO, TX 78216.

| | | |
|---|---|---|
| October 4, 2017, 5:38 am | Departed USPS Regional Destination Facility | SAN ANTONIO TX DISTRIBUTION CENTER |
| October 3, 2017, 12:23 pm | Arrived at USPS Regional Destination Facility | SAN ANTONIO TX DISTRIBUTION CENTER |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 3, 2017, 6:02 am | Departed USPS Regional Facility | COPPELL TX DISTRIBUTION CENTER |
| October 2, 2017, 11:50 pm | Arrived at USPS Regional Origin Facility | COPPELL TX DISTRIBUTION CENTER |
| October 2, 2017, 5:51 pm | Departed Post Office | DALLAS, TX 75238 |
| October 2, 2017, 11:07 am | USPS in possession of item | DALLAS, TX 75238 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony Carreon
9601 McAllister Freeway, Suite 700
San Antonio, Tx 78216-4681

9590 9402 2639 6336 2019 35

2. Article Number (Transfer from service label)

7015 3010 0000 9603 7682

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Pattie Carly_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
PATHIO CARBATH   10-4-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

**Can't find what you're looking for?**

Go to               stions.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

SAN ANTONIO, TX 78216

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| | $2.75    0238 |
| Extra Services & Fees (check box, add fee as appropriate) | 07 |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.61 |
| | 10/02/2017 |
| Total Postage and Fees | $7.71 |

Postmark Here   OCT 2017

7015 3010 0000 9603 7682

Anthony Carreon
9601 McAllister Freeway, Suite 700
San Antonio, Tx 78216-4681